UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAJIV P. RAMJAS,

                      Plaintiff,

         -against-

BARBARA WILKNOWSKI, TAMER KERSH,
ALEXANDER GREENE, CHENTIKA PATEL,
AT&T WIRELESS, ANDERSON HILL,
JENNIFER ZHENG, JACK ZHENG, ANDREW
D. NATALIE, JEEP DODGE RAM, IE
MICHAEL CAPELLA, and ALEX YADROV,
ESQ.,

                      Defendants.
-------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-3289 (OEM) (LKE)

ORELIA E. MERCHANT, United States District Judge.

Plaintiff Rajiv P. Ramjas ("Plaintiff") filed this *pro se* complaint on June 9, 2025. Compl., ECF 1. Plaintiff's request to proceed *in forma pauperis*, ECF 2, is granted. The complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff filed a form complaint for civil action containing minimal information. *See generally* Compl. He names eleven defendants, providing a New York address for seven of them, and no address for the other four. *Id.* at 2-6. In the space to identify the Statement of Claim, Plaintiff states, in its entirety:

> This woman Barbara Wilknowski has represented me through pro bono work violating judicial conduct. She spoke w/ my family + friends defaming my character w/ Job offers from NY to NC. I am entitled to damages for not receiving a safety net because of her ie B. Wilknowski, Andrew D. Natalie Engaged in knowingly assisting a Judge to ~~rearrest~~ me raise my Bail Dec 2024.

*Id.* at 8.[1]  The complaint does not assert any other facts in support of his claim.  As a remedy for this apparent dispute with his two of the defendants, Natalie and Wilknowski, plaintiff seeks damages to address the cost of his car and asks the Court to "restore my Verizon acc[oun]t." *Id.* at 9.

## LEGAL STANDARD

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and are representing themselves in court.  This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In giving *pro se* litigants special consideration, the Court must look for the strongest arguments in the complaint.  *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008).  "A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (internal quotation marks, citation, and alterations omitted)).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." FED. R. CIV. P. 8(a).  It is not enough to say that the defendant harmed me; the claim must include

---

[1] The Court quotes the statement of claim verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

factual details that, if true, would show that the defendant broke the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, the party bringing the action must demonstrate that the Court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* FED. R. CIV. P. 12(h)(3). There are two types of federal subject-matter jurisdiction. Under the first type, federal question jurisdiction, the complaint must have a claim based on a federal law. *See* 28 U.S.C. § 1331. The other type is called diversity jurisdiction, and it allows federal courts to consider cases arising under state laws, but only if the money value of the lawsuit is greater than $75,000 and all the defendants live in a different state than the plaintiff. *See* 28 U.S.C. § 1332. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3); *see Chestnut v. Wells Fargo Bank, N.A.,* 11-CV-5369, 2012 WL 1657362 (JS) (ARL), at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

## DISCUSSION

Liberally construing the complaint, the Court finds that it lacks subject matter jurisdiction over this action. The complaint does not include any factual allegations suggesting a federal claim against any of the defendants. It vaguely asserts dissatisfaction with defendants Wilknowski and Natalie's representation of plaintiff in a criminal case, but these statements do not raise a federal question. Further, the complaint does not support diversity jurisdiction, although Plaintiff checks

3

the form complaint box for diversity of citizenship. Compl. at 7. All defendants do not live in a different State than Plaintiff: Plaintiff and at least seven of the defendants have addresses in New York. *Id.* at 2-6. *Herrick Co. v. SCS Communications, Inc.*, 251 F.3d 315, 321 (2d Cir. 2001) ([D]iversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."). The Complaint therefore must be dismissed because Plaintiff fails to state a claim that would confer jurisdiction upon this Court. *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3).

## CONCLUSION

Accordingly, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule Civil Procedure 12(h)(3). The Court has considered affording Plaintiff a chance to amend the complaint, but a review of the complaint does not suggest that plaintiff has inadequately or inartfully pleaded any potentially viable claims that could be improved by amendment. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to plaintiff.

SO ORDERED.

                                                              /s/  
                                              ORELIA E. MERCHANT  
                                              United States District Judge

Brooklyn, New York  
June 27, 2024